```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF VIRGINIA
                  Newport News Division
```

**JAMES E. GRAVES,**

        **Plaintiff,**

v.                                                    **ACTION NO: 4:05cv107**

**CORRECTIONAL SERVICES CORPORATION,**
**YOUTH SERVICES INTERNATIONAL, INC.,**
**and KAREN M. DOWNS,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

This case comes before the court on defendants' Motion to Dismiss Count IV pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion is DENIED.

Plaintiff James E. Graves originally filed this lawsuit in Newport News Circuit Court on May 31, 2005. Defendants timely filed a Notice of Removal in this court on June 16, 2005. Removal was proper under 28 U.S.C. § 1441(b), as this court had original jurisdiction over the suit under 28 U.S.C. § 1331. On June 16, 2005, defendants also filed an Answer to plaintiff's Motion for Judgment, as well as the instant Motion to Dismiss Count IV. Plaintiff filed a memorandum in opposition to defendants' motion on June 27, 2005, and defendants filed a reply on June 29, 2005. The motion is ripe for review.

In his Motion for Judgment, plaintiff states that he was employed by defendants at the Genesis Treatment Center in Newport News, Virginia, from January 2001 to June 11, 2003.  MFJ at 2.  Plaintiff claims that defendants discriminated against him on the basis of race and violated his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*.  Specifically, plaintiff alleges that defendants interfered with his FMLA rights, wrongfully discharged him, and retaliated against him, all in violation of the FMLA (Counts I- III).  Plaintiff also alleges that defendants harassed him on the basis of race, failed to promote him based on race, retaliated against him, and wrongfully discharged him on the basis of race, all in violation of 42 U.S.C. § 1981 (Counts IV-VII).

Defendants' motion to dismiss only addresses Count IV of the Motion for Judgment, which alleges "race harassment" in violation of 42 U.S.C. § 1981.  In order to state a claim for harassment based on race under 42 U.S.C. § 1981, a plaintiff must demonstrate: (1) he experienced unwelcome harassment; (2) the harassment was based on race; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer. Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003); see also White v. BFI Waste Servs., LLC, 375 F.3d 288, 296-97 (4th Cir. 2004).  Defendants

argue that plaintiff has failed to fulfill the third and fourth requirements.  Defs.' Mem. of Law in Supp. of Defs.' Mot. to Dismiss Count IV at 3; Reply to Pl.'s Mem. in Opp'n to Defs.' Mot. to Dismiss Count IV at 3.

According to defendants, plaintiff fails to allege that any supervisor made racial comments or knew about any of the alleged harassment taking place.  Defs.' Mem. at 3.  Defendants claim that plaintiff fails to state a prima facie case of racial harassment as a result, because under Fourth Circuit law the alleged harasser must either be a supervisor or plaintiff must show that his employer knew about the harassment and failed to stop it.  Id. Defendants misconstrue both the plain language of plaintiff's Motion for Judgment and the legal precedent cited in support of their motion.  Contrary to defendants' assertions, plaintiff has made out a prima facie case of racial harassment under 42 U.S.C. § 1981.

In his Motion for Judgment, plaintiff states that "[d]efendants made or witnessed racial jokes, racially derogatory acts, negative comments about the capacity of African-Americans to be supervisors and the use of various racial epithets about Plaintiff and other African Americans at Genesis."  MFJ at ¶ 94. Plaintiff further states that as a result of the harassment, he found it difficult to function at work and perform his job.  Id. at ¶ 95.  These allegations clearly fulfill the first three require-

ments of a prima facie racial harassment case under Bass, 324 F.3d at 765, as described supra at 2.

Under Fourth Circuit law, "employers are generally presumed to be liable for hostile work environment harassment committed by supervisory employees." White, 375 F.3d at 299. In addition to the allegations described supra at 3, plaintiff alleges that defendant Karen Downs, a supervisor at Genesis, stripped him of his supervisory duties and ordered him instead to scrub floors, remove trash, and clean toilets. Id. at ¶ 18. Plaintiff also alleges that "[d]espite [his] complaints about race discrimination, his supervisors neither conducted any investigation nor took any action against the perpetrators of the race discrimination." Id. at ¶ 52.

These allegations, taken together, are sufficient to state a prima facie case of racial harassment. Plaintiff has alleged that he experienced unwelcome harassment, in the form of racially derogatory jokes and comments as well as racially discriminatory actions. Plaintiff has alleged that this harassment came at the hands of "defendants" in general, which includes Ms. Downs; in addition, plaintiff alleges particular discriminatory actions by Ms. Downs as a supervisor, thereby providing a basis for imputing liability for the harassment onto the corporate defendants. White, 375 F.3d at 299.

Defendants further argue in their reply brief that plaintiff fails to show that defendants' alleged discriminatory actions were

4

(1) racially based, and (2) directed toward plaintiff. This argument also fails. Plaintiff makes numerous allegations of racially-based discriminatory conduct by defendants, including in Count IV. See MFJ at ¶¶ 94-99. Plaintiff also alleges that the aforementioned racial jokes and derogatory comments were directed at him and that he experienced them as harassment. Id. at ¶ 94. The case cited by defendants, Bass, 324 F.3d at 764-66, is not entirely on point. In that case, the Fourth Circuit held that plaintiff failed to state a claim for hostile work environment when she described various problems she had with her coworkers and supervisors, but none of the facts alleged appeared to "have anything to do with gender, race, or age harassment." Id. at 765. That is clearly not the case here, where plaintiff has explicitly alleged that racial jokes and comments were made, and that supervisors engaged in racially discriminatory activities that gave rise to a hostile work environment.

On a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the complaint's factual allegations as true and view all allegations in the light most favorable to the nonmoving party. See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993). Under this standard, plaintiff has alleged facts sufficient to state a claim for racial harassment under 42 U.S.C. § 1981. Accordingly, defendants' Motion to Dismiss Count IV is DENIED. The Clerk is DIRECTED to send a

copy of this Memorandum Opinion and Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/Rebecca Beach Smith
_____
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

July 27, 2005